**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RICHARD HART,

    Plaintiff - Appellant,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Defendant - Appellee.

No. 05-35511

D.C. No. CV-03-00265-JKS

MEMORANDUM[*]

RECEIVED
SEP 21 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief Judge, Presiding

Argued and Submitted July 26, 2006
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

Richard Hart argues that the insurance policy's exclusionary clause prohibiting coverage for damages caused by "inadequate maintenance" cannot be interpreted to apply to the sinking of the *Footloose*. The district court properly

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3. Because the parties are familiar with the facts, we recite them only as necessary.

determined that the contractual language was unambiguous and, even when interpreted in favor of the insured's reasonable expectations, applied to Hart's action leaving his boat in a state of unreasonable disrepair. *See Farquhar v. Alaska Nat'l Ins. Co.*, 20 P.3d 577, 579 (Alaska 2001) (stating that while Alaska courts "try to effectuate the reasonable expectations of lay parties . . . regardless of whether the policy language is ambiguous," the reasonable expectation approach "is not to be used as an instrument for ignoring or rewriting insurance contracts" (internal quotations omitted)).

Hart then argues that, even if his actions fall within the ambit of the insurance policy's exclusionary clause, they were not the dominant cause of his loss. The district court properly granted Progressive summary judgment because Hart failed to present a genuine issue of material fact as to the dominant cause of the boat's sinking. Progressive established a prima facie case of negligence demonstrating that Hart's inadequate maintenance was the dominant cause, as contemplated by Alaska Statute § 21.36.212. Hart offered insufficient evidence in rebuttal to establish a different dominant cause. *See Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981) ("[a] motion for summary judgement cannot be defeated by mere conclusory allegations unsupported by factual data").

AFFIRMED.

2

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP 15 2006

by:
Deputy Clerk